## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          No. CR 07-1560 JB

BENJAMIN YOUNGBEAR,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's objection to an order of restitution.  The Court held a status conference on July 28, 2008.  The primary issue is whether the Court can now order restitution, given that the 90-day period set forth in 18 U.S.C. § 3664(d)(5) has passed.  The Court finds that, although equitable tolling does not apply in this case, under limited circumstances such as the ones present in this case, parties can agree to waive the 90-day time limit. The Court will therefore order restitution.

## BACKGROUND

On April 22, 2008, the Court imposed a sentence of 12 months plus one day of incarceration, with supervised release for a term of one year, on Defendant Benjamin Youngbear.  See Transcript of April 22, 2008 Sentencing at 21:6-10 (Court)("April 22 Tr.").[1]  The Court also imposed special conditions, including submission to DNA collection, participation in an approved program for domestic violence, and completion of a substance abuse program.  See id. at 21:12-24 (Court). The Court did not, however, order restitution at the sentencing.

---

[1] The Court's citations to the transcript of the hearings refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

At the hearing, Youngbear requested that the Court delay the ruling on restitution so that he could receive more complete information about who would be receiving the restitution and whether any would be necessary.  See id. at 4:18-5:6 (Keefe).  The Court was inclined to deny Youngbear's request.  See id. at 5:7-6:19 (Court).  The United States Probation Office ("USPO") and the United States indicated, however, that the amount of restitution was not ascertainable at the time of the sentencing hearing.  See id. at 7:11-8:1 (Probation officer); id. at 8:6 (Torrez).  Pursuant to 18 U.S.C. § 3664(d)(5), the Court stated: "Because the victim's losses are not ascertainable by the date of the sentencing[,]. . . the Court will set a date for the final determination of the victim's losses not to exceed 90 days after today's sentencing."  Id. at 22:17-23 (Court).  The United States requested a waiver from Youngbear in the event that the 90-day period passed before the Court could set a hearing.  See id. at 10:13-14 (Torrez).  Youngbear agreed to waive.  See id. at 10:16-23 (Keefe)("I think the Court probably would be able to [schedule] within the ninety days[,] but if there was a problem with that, we don't have a problem going beyond [ninety] days.").  The Court stated that it would schedule the hearing within 90 days of the sentencing.  See id. at 11:4-7 (Court)("I'll put in some language here about scheduling something within [ninety] days on the sentence.").

The Judgment and Conditions (Doc. 40)("J & C") was not entered until June 5, 2008 – the same day on which the Court entered its Sentencing Memorandum Opinion and Order (Doc. 41).  Because, in part, of an error by the Court, a hearing on the amount of restitution was not held until July 28, 2008.  By that date, the 90-day period had expired.  The Court's usual Courtroom Deputy Clerk ("CRD") was on maternity leave during the summer.  The Court asked the substitute CRD, who is a new CRD, several times during the summer where the Court was in the 90-day period.  The temporary CRD repeatedly assured the Court that there was plenty of time for the hearing.  What the Court did not realize was that the temporary CRD was using the date he had entered the J & C

to measure the 90-day period and not the date of sentencing.

The USPO issued its addendum setting forth the correct amount of restitution on June 19, 2008.  On July 18, the Court setting a hearing on restitution for July 28, 2008.  The night before the hearing, the Court realized that the 90-day period had been erroneously calculated from the date that the J & C was entered, rather than the date of the hearing.

At the July 28, 2008 hearing, Youngbear objected to the ordering of restitution because such an order would come after the 90-day period had expired.  See Transcript of July 28, 2008 Hearing at 3:21-4:3 ("July 28 Tr.")(Keefe).  The Court noted that, at the April 22, 2008 hearing, Youngbear purported to waive the 90-day period.  See id. at 4:4-5 (Court).  Youngbear responded that he did not recall waiving the 90 days.  See id. at 4:7-12 (Keefe).  The Court then quoted the April 22 transcript in which Youngbear agreed to waive the 90-days.  See id. at 4:13-6:13 (Court).  At that point, Youngbear condeded that said that he would waive, and that his objection would accordingly have to be based on the 90-day period not being waivable.  See id. at 6:14-15 (Keefe).

The United States contended that the 90-day period was either waived, or equitably tolled.  See id. at 15:19-25 (Torrez).  The Court indicated that, if it ordered restitution, it would be for $7,134.11, payable to Espanola Valley Hospital in monthly installments of not less than $30.00.[2]  See id. at 19:2-6.

## LAW REGARDING 18 U.S.C. § 3664(d)(5)

Section 3664 outlines the proper procedure for issuing and enforcing restitution.  The portion relevant to Youngbear's objection provides:

If the victim's losses are not ascertainable by the date that is 10 days prior to

_____

[2] The court reporter's rough transcript says "30 days," but the context makes clear that the Court stated, or intended to state, an amount of $30.00.

> sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.  If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.  Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5).  Thus, on the plain language of the statute, the Court is required to set a date for final determination of the amount of restitution.  The Court must do so within 90 days of the sentencing.

The purpose of the 90-day period is to benefit victims, and not defendants.  The United States Court of Appeals for the Tenth Circuit has explained: "The legislative history indicates Congress intended the 90 day limitations period to protect victims against the dissipation of defendants' assets and not to protect defendants from a drawn-out sentencing process or to establish finality."  United States v. Dando, 287 F.3d 1007, 1010 n.4 (10th Cir. 2002).

Aside from discussing the policy underlying § 3664(d)(5)'s 90-day limitation period, the Tenth Circuit has also given some guidance on its operation.  In United States v. Dando, the Tenth Circuit held that "the statute's time limitations are subject to equitable tolling." Id. at 1011 (citations omitted).  In that case, the defendant had entered into a plea agreement acknowledging that he was guilty and that restitution would be mandatory for him under 18 U.S.C. § 3663A.  See id. at 1008. The district court did not order restitution at the sentencing hearing.  See id.  Seventeen days after the sentencing, the district court a judgment order that did not contain an order for restitution.  See id.  Seventy-one days after the sentencing hearing, the district court held a hearing on a motion by the government to order restitution.  See id.  At the hearing, the district court stated its intent to order restitution pursuant to 18 U.S.C. § 3664(d)(5).  See id.  At that hearing, defense counsel requested a continuance so that the defendant could be present.  See id.  Later, defense counsel requested an

evidentiary hearing on the amount of restitution.  See id.  The district court granted defense counsel's requests, and, as a result, did not order restitution until over five months had passed since the sentencing hearing.  See id.  Under those circumstances, the Tenth Circuit found it appropriate to apply equitable tolling.  See id. at 1011 ("Where the defendant's own conduct delayed the timely entry of a restitution order, the defendant cannot insist on strict conformity with the statute's time prescriptions.").

In reaching its conclusion that equitable tolling was appropriate when a defendant's conduct cause the delay, the Tenth Circuit in United States v. Dando relied on United States v. Stevens, 211 F.3d 1 (2d Cir. 2000).  In United States v. Stevens, the United States Court of Appeals for the Second Circuit held that "the 90-day clock in § 3664(d)(5) may be tolled by the defendant's own purposeful misconduct."  United States v. Stevens, 211 F.3d at 5.  The Tenth Circuit, therefore, extended the principle articulated in United States v. Stevens to apply not only to a defendant's misconduct, but also to proper conduct – such as requesting a continuance or an evidentiary hearing. See United States v. Dando, 287 F.3d at 1011.  The point of such a holding is that a defendant should not be able to avail himself of a deadline when he caused the deadline to be missed.  See id. ("Where a defendant's own conduct delayed the timely entry of restitution order, the defendant cannot insist on strict conformity with the statute's time prescription.").

The Tenth Circuit has applied equitable tolling to § 3664(d)(5) in one other case.  See United States v. Reano, 298 F.3d 1208, 1212 (10th Cir. 2002).  In United States v. Reano, the defendant appealed from an order of restitution that was imposed at his sentencing, arguing that there had been procedural irregularities.  See id. at 1210.  The defendant argued that the district court lacked authority to order restitution without making a record-based factual finding concerning the victim's losses, and that the government failed to abide by the Mandatory Victims' Restitution Act

("MVRA").  See id. at 1210.  The district court had imposed restitution at the sentencing hearing

for $10,000, "'based on [the judge's] knowledge of what hospitals cost."  Id. (citing the transcript

from the sentencing hearing)(brackets in original).  The government had failed to comply with the

notice requirements of §§ 3664(d)(1) and 3664(d)(5).  See id. at 1211.

      The Tenth Circuit vacated the district court's restitution order, but determined that the

district court retained jurisdiction to order restitution on remand.  See id.  In addressing the concern

that the 90-day period had expired,[3] the Tenth Circuit stated: "[T]he imposition of restitution at

sentencing put the defendant on notice that restitution would be imposed and thus served as the

functional equivalent of the notice required under the MVRA.  Furthermore, the subsequent appeal

of this order equitably tolled the ninety day period."  Id. at 1212.  In applying equitable tolling, the

Tenth Circuit did not further explain the contours of when such tolling would be appropriate.  Its

holding, however, is consistent with the notion announced in United States v. Dando that the

defendant's conduct, regardless whether in bad faith, can toll the time limit.  The Tenth Circuit also

indicated that it intended its holding "to be quite limited."  Id.

      The United States Court of Appeals for the Third and Eleventh Circuits have also stated that

§ 3664(d)(5)'s 90-day period can be  subject to equitable tolling.  In United States v. Terlingo, 327

F.3d 216 (3d Cir. 2003), the Third Circuit explained:

> [B]ecause the statute is designed to protect the victims of the crimes in question,
> equitable tolling should apply to situations in which the convicted individual's bad
> faith tactics caused the delay. This result is consistent with Stevens and Dando, and
> not inconsistent with [United States v.] Maung [267 F.3d 1113, 1122 (11th Cir.
> 2001]]. We also conclude, because equitable tolling is generally available in
> situations in which, in its absence, there will be a harsh or unjust result, that even in
> the absence of any bad faith behavior the statute must be equitably tolled when the

---

[3] It appears that the Tenth Circuit addressed this issue on its own, since there is no indication
that the parties raised it.

delay is caused in significant part by the defendant. The statute is designed to protect the interests of the defendant's victims, and injustice will result if the dictates of the statute can be avoided by a delay caused by the actions of the defendant, in bad faith or not. If the defendant played no significant part in causing the delay, however, equitable tolling will not be available.

327 F.3d at 222. The extent to which the Third Circuit's approach differs, if at all, from that of the Tenth Circuit is unclear. With only two cases[4] for guidance from the Tenth Circuit, the Court is reluctant attempt to articulate such a detailed rule as that of the Third Circuit. The Court will therefore adhere to what United States v. Dando states: the statute's time prescriptions are subject to equitable tolling where the defendant's conduct causes the delay. See United States v. Dando, 287 F.3d at 1011.

In United States v. Maung, the United States Court of Appeals for the Eleventh Circuit reversed as untimely an order of restitution where the district court failed to enter the order within 90 days of sentencing. See 267 F.3d at 1122. The Tenth Circuit refused to apply equitable tolling on the facts before it, but it suggested that under some circumstances, tolling might be appropriate. See id. at 1122. The Eleventh Circuit explained: "Allowing Defendant's own bad faith delay to foreclose the entry of a restitution order could conceivably put restitution in some cases in the defendant's own discretion. For that reason, we are not willing to say that the 90-day limitation is inexorable and can never be equitably tolled. We have no occasion to decide that issue in this case, anyway." Id.

## LAW REGARDING WAIVER

The Supreme Court of the United States has stated: "'A party may waive any provision, either of a contract or of a statute, intended for his benefit.'" United States v. Mezzanatto, 513 U.S.

---

[4] See United States v. Dando, 287 F.3d 1007, and United States v. Reano, 298 F.3d 1208.

196, 201 (1995)(quoting <u>Shutte v. Thompson</u>, 15 Wall. 151, 159, 21 L.Ed. 123 (1873)).  There is a presumption of waivability in the context of both statutory and constitutional protections.  <u>See</u> <u>United States v. Mezzanatto</u>, 513 U.S. at 201-202.  "The most basic rights of criminal defendants are . . . subject to waiver."  <u>Peretz v. United States</u>, 501 U.S. 923, 936 (1991).  <u>See</u> <u>United States v.</u> <u>Mezzanatto</u>, 513 U.S. at 201 ("[A]bsent some affirmative indication of Congress' intent to preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties.").  In stating that statutory provisions are presumably subject to waiver, the Supreme Court, in <u>United States v. Mezzanatto</u>, cited <u>Evans v. Jeff D.</u>, 475 U.S. 717, 730-732 (1986), a case in which the Supreme Court held that a prevailing party may waive statutory entitlement to attorney's fees in a civil rights action.  <u>See</u> <u>United States v. Mezzanatto</u>, 513 U.S. at 201 (citing <u>Evans v. Jeff D.</u>, 475 U.S. at 730-732).  In sum, there is a presumption that a party can waive statutory or constitutional rights that are intended for his or her benefit.

No court in the Tenth Circuit has discussed the ability of a defendant to waive § 3664(d)(5)'s 90-day period.  Moreover, the Court has found only two cases from other jurisdictions that mention the possibility of waiver.  In an unpublished opinion, the United States Court of Appeals for the Sixth Circuit reviewed an order of restitution that the district court had entered after the 90-day period had expired.  <u>See</u> <u>United States v. Lexington Wholesale Co., Inc.</u>, 71 Fed. Appx. 507, 2003 WL 21774007 (6th Cir. 2003).  The defendant had argued that the district court should exercise its discretion under 18 U.S.C. § 3663(a)(1)(B)(ii) to decline to impose restitution where the prolongation and complication of the sentencing process would outweigh the victims' need for restitution.  <u>Id.</u> at * 3.  In refusing to exercise this discretionary power, the district court found that the defendant,

having waived the requirement that the hearing date for the final determination of

-8-

> victim's losses be set within ninety days after sentencing . . . willingly participated
> in the proceedings necessary to resolve the restitution issue. Moreover, the absence
> of other parties besides Lexington showed that the restitution claim was not unduly
> complicated.

Id., 71 Fed. Appx. at 509-10, 2003 WL 21774007 at * 3.  The district court in United States v.

Lexington Wholesale Co., Inc. therefore assumed, without extended discussion, that a defendant

could waive the 90 days.  The Sixth Circuit found "no abuse of discretion in the [district] court's

ruling."  Id., 2003 WL 21774007 at * 3.  The case, therefore, does not offer detailed guidance on

whether a waiver is proper.

In United States v. Bengis, Slip Copy, 2006 WL 3735654 (S.D.N.Y.),  the United States

Court for the South District of New York dropped a footnote in its opinion explaining that the

defendants in the case before it waived the 90-day period.  See United States v. Bengis, 2006 WL

3735654 at *2 n.5.  The district court did not determine wether the waiver was proper, but noted that

the Second Circuit considers imposition of restitution outside the 90-day period harmless error

unless a defendant can show actual prejudice from the delay.  See id.  Again, the question of the

propriety of waiver was left unresolved. The statute's text states that when losses are not

ascertainable by the date of sentencing, "the court shall set a date for the final determination of the

victim's losses, not to exceed 90 days after sentencing."  18 U.S.C. § 3664(d)(5).  The only

exception provided in the statute is for victims.  "If the victim subsequently discovers further losses,

the victim shall have 60 days after discovery of those losses in which to petition the court for an

amended restitution order."  Id. § 3664(d)(5).  The language therefore does not expressly provide

for the possibility of waiver.  Such an absence, however, does not mean waiver is impossible.

## ANALYSIS

In opposition to Youngbear's objection, the United States asks the Court to find that

Youngbear either waived § 3664(d)(5)'s 90-day requirement, or that the time limit was tolled.  The result of such a finding would be that the Court would be able to proceed to order restitution.  The Court holds that, while this case does not fit the Tenth Circuit's paradigm for equitable tolling, the parties entered into a valid agreement to waive the statutory time-limit.  The Court will therefore uphold that agreement and impose restitution.

**I.      18 U.S.C. § 3664(d)(5) WAS NOT EQUITABLY TOLLED.**

According to the Tenth Circuit, § 3664(d)(5) may be equitably tolled where the defendant's conduct has caused delay.  See United States v. Dando, 287 F.3d at 1011 (holding that equitable tolling applied because "the delay was due to the Defendant's request for a continuance and for an evidentiary hearing").  In this case, the delay that put the Court past the deadline is not attributable to Youngbear, but to the Court.  The Court miscalculated the date upon which the 90-day period would expire, and set the hearing approximately a week late.  Neither the text of the statute nor the Tenth Circuit allow for equitable tolling under such circumstances.  Moreover, the Court does not believe that Youngbear's waiver contributed to the delay or is attributable to Youngbear, because the United States raised the issue of waiver, not Youngbear, and Youngbear only waived to the extent he can waive.

The Court does not have authority to order post-sentence restitution beyond what § 3664(d)(5) provides.  See United States v. Dando, 287 F.3d at 1009 ("The court's authority to order restitution post-sentencing derives solely from the statutory grant of jurisdiction in 18 U.S.C. § 3664(d)(5).").  The Court is therefore bound to follow the procedures of that statute or their functional equivalent,[5] as set forth in the text and explained by the Tenth Circuit.  No equivalents

_____

[5] In upholding a restitution order where the notice procedures were not followed, the Tenth Circuit in United States v. Dando stated: "The district court's failure to follow statutory procedural

to the 90-day requirement are or can be met in this case.  The Court therefore declines to apply equitable tolling beyond the circumstances under which the Tenth Circuit has found it proper.

## II.   ALTHOUGH THE 90-DAY REQUIREMENT IN 18 U.S.C. § 3664(d)(5) IS NOT WAIVABLE BY DEFENDANTS, THE UNITED STATES AND THE DEFENDANT MAY ENTER A VALID AGREEMENT TO WAIVE THE TIME LIMIT.

The Court determines that, generally, defendants cannot unilaterally waive § 3664(d)(5)'s 90-day requirement.  First, the Court does not believe that the presumption of waivability applies to § 3664(d)(5), because the section is not "intended for [the defendant's] benefit.'"  United States v. Mezzanatto, 513 U.S. at 201(quoting Shutte v. Thompson, 15 Wall. 151, 159, 21 L.Ed. 123 (1873)).  Rather, § 3664(d)(5) is intended to protect victims.  See United States v. Dando, 287 F.3d at 1010 n.4  The Court must therefore interpret the statute without a presumption of waivability.

The statute makes no mention of waiver, and instead commands that the "court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."  18 U.S.C. § 3664(d)(5).  The statute, on its face, reads as a mandate to the Court.  While the Tenth Circuit – and other Circuits as well – find equitable tolling consistent with the statute's language, the Court does not find the same justification for doing so with respect to waiver.  Without some kind of equitable tolling, defendants could manipulate and inject delay into proceedings to the point of potentially freeing themselves of the obligation to pay restitution.  Given that, under certain circumstances, restitution is mandatory, a lack of equitable tolling could therefore create a sizable loophole for defendants.

---

requirements will not deprive the court of jurisdiction if the actions taken provided the functional equivalent of the statutory procedures."  United States v. Dando, 287 F.3d at 1010.  In United States v. Dando, the defendant was put on notice that restitution was mandatory and that the matter of ordering restitution was open.  See id.  Under those circumstances, the equivalent of the procedural requirements were met.

The question of waiver is different from equitable tolling, because allowing defendants to waive the 90-day period would give defendants the ability to circumvent the primary purpose of § 3664(d)(5), which is to prevent defendants from dissipating their assets before a determination can be made of the proper amount for restitution. See United States v. Dando, 287 F.3d at 1010 n.4. In different terms, § 3664(d)(5) does not provide rights for the defendant that may be protected, retained, waived. Rather, § 3664(d)(5) provides a mechanism for protecting victims who might be entitled to restitution. Allowing the defendant control over a benefit that Congress, by statute, has provided to defendant's victims would misapprehend the statute. The Court therefore holds that, while equitable tolling applies to § 3664(d)(5), a defendant may not waive the 90-day time limit.

The Court has determined that the 90-day requirement is not waivable by defendants. Therefore, while the record demonstrates that Youngbear, in fact, attempted to waive the requirement, his attempt, on its own, was without legal effect. In this case, however, both the United States and Youngbear affirmatively agreed to waive the time limit. The United States asked for the waiver specifically to avoid the objection that Youngbear now makes about the restitution order's timeliness, and Youngbear readily agreed. Where both the United States and the defendant reach an agreement about waiving the time limit, the Court believes that the evils of allowing a defendant's unilateral waiver are not as serious. The United States can refrain from entering into a waiver agreement if the risk is present that the defendant wishes a waiver for illegitimate reasons or in bad faith.

Moreover, while the time limit is designed to protect victims, and victims are supposed to be the ultimate beneficiaries of restitution orders, the rights of victims to make decisions regarding whether restitution will be ordered, or protest when procedures are violated, is unclear. If victims had standing to protest a procedural irregularity in the restitution process, or to protest a failure to

impose restitution, an argument could be made that only the victim could waive the time-limit set forth in 18 U.S.C. § 3664(d)(5), because the statute's primary purpose is to benefit the victim.

18 U.S.C. § 3664 allows victims to receive notice from the probation officer about the probation officer's calculations of amounts subject to restitution, and the "opportunity of the victim to submit information to the probation officer concerning the amount of the victim's losses."  18 U.S.C. § 3664(d)(2)(A).  Victims also have the option of obtaining a lien when restitution is ordered. See id. at § 3664(m)(1)(B).   Upon receiving notice of a defendant's change in financial circumstances, victims receiving restitution may move the Court to "adjust the payment schedule, or require immediate payment in full . . . ."  Id. at 18 U.S.C. § 3664(k).

Despite these various protections and rights afforded to victims with respect to restitution, 18 U.S.C. § 3664 does not make any provision for victims to protest, appeal, or intervene in the event that the district court declines to impose restitution or misses the statutory deadline. Furthermore, 18 U.S.C. § 3664 does not provide a mechanism for victims to argue for more restitution if they are unhappy with the district court's ultimate restitution order.  Nor does the Court's research reveal case law discussing victims' standing under 18 U.S.C. § 3664 outside what the statute explicitly provides.

The Court nonetheless believes that it is unnecessary to resolve the question of victims' standing at this time.  Even if victims have standing in limited circumstances, the United States shoulders much of the responsibility for preparing a record for the district court to determine restitution amounts and proper recipients.  18 U.S.C. § 3664(e) states:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the

defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

18 U.S.C. § 3664(e).  Besides the language of the statute, the United States is often in the best position to protect victims' interest in receiving restitution because it can actively pursue restitution as part of a sentence even where restitution might not be mandatory.  The Court believes that the United States' role in pursuing victims' interests in obtaining restitution is sufficient that the United States may, at times, be in a position to secure an agreement from the defendant to waive the 90-day period to protect the victim.  This case presents such a situation.  If the Court decided that the United States' attempt to form an agreement to waive the 90-day period was void in this case, it would create an anomaly: in the name of preventing defendants from usurping victims' rights, as embodied in the 90-day period, the Court would eliminate the possibility of restitution for a party entitled to restitution in this case.  The Court believes that the more sound result is to recognize that, in this case, the United States was in a position to recognize the purposes of 18 U.S.C. § 3664 would be better served if the parties agreed, beforehand, to waive the 90-day period.

The Court therefore finds that, under 18 U.S.C. § 3664(d)(5), it can properly order restitution.  Although the Court declines to apply equitable tolling under the circumstances of this case, the Court has found that the United States and Youngbear entered into a valid stipulation waiving the 90-day time limit.  The Court will therefore order restitution in the amount of $7,134.11, payable to Espanola Valley Hospital in monthly installments of not less than $30.00.

**IT IS ORDERED** that the Defendant Benjamin Youngbear's objection is overruled.  The Court orders restitution of $7,134.11, payable to Espanola Valley Hospital in monthly installments of not less than $30.00.

-14-

_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Gregory J. Fouratt
  United States Attorney
  for the District of New Mexico
Presiliano Torrez
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Michael A. Keefe
  Assistant Federal Public Defender
Albuquerque, New Mexico

        *Attorney for the Defendant*

-15-